In the Matter of 100 PARK AVENUE, INC., et al., Petitioners, *v.* PUBLIC SERVICE COMMISSION OF THE STATE OF NEW YORK et al., Respondents.

Third Department, December 1, 1971.

*Surrey, Karasiak, Greene & Seham (Martin C. Seham, Carl F. Goodman, Andrew E. Zelman* and *Steven J. Harvis* of counsel), for petitioners.

*Peter H. Schiff, Charles R. Gibson* and *Joel Yohalem* for Public Service Commission, respondent.

*John V. Thornton, Joseph D. Block* and *Joy Tannian* for Consolidated Edison Company of New York, Inc., respondent.

GREENBLOTT, J.  This is a proceeding under article 78 of the CPLR (transferred to the Appellate Division of the Supreme Court in the Third Judicial Department by order of the Supreme Court at Special Term, entered in Albany County) to set aside an order of the Public Service Commission issued June 9, 1971.

The Public Service Commission (Commission) granted respondent Consolidated Edison Company a $52 million annual

increase in electric rates on a temporary basis, subject to refund, and authorized the implementation of these rates in a manner which altered the rate structure by requiring those customers who place increasing demands on the system to pay proportionately higher rates. In determining that a temporary rate increase was warranted, the Commission looked " to the company's overall financial situation and particularly maintenance of its credit standing ", giving " primary consideration to the consequences of our decision on Con Edison's ability to raise the capital necessary to finance its new facilities ". On the question of the rate structure, the Commission, noting that the power supply in New York City and its vicinity was crucial, reasoned that those who place " increasing demands on the system either should be encouraged to restrict usage or be required to pay proportionately higher rates as their usage increases ". A motion for rehearing was subsequently denied by the Commission.

The Public Service Law provides that temporary rate changes pending a final determination are authorized " if it shall be made to appear to the satisfaction of the commission that the public interest requires a change in the price of * * * electricity * * * or that such change is necessary for the purpose of providing adequate and efficient service, or for preservation of the property " (Public Service Law, § 72; see, also, § 114).

Section 72 does not specify the manner in which the Commission is to determine whether a temporary rate increase is to be granted; it provides merely that the need for the increase should be made to appear to the Commission's satisfaction. Thus, there is no mandate that the procedure to be applied in a temporary rate proceeding be the same as in a proceeding whereby a final rate determination is made (see Matter of Bronx Gas & Elec. Co. v. Maltbie, 271 N. Y. 364, 374). This is as it should be since a purpose of providing for temporary rate changes is to provide for prompt and expeditious implementation of rates pending a final determination (see Public Service Law, § 66, subd. 12; § 114). This conclusion is further supported by the fact that there is no danger of irreparable harm due to a temporary rate increase as any excess rate collected if there is an ultimate denial of the increase would be refunded, with interest (Public Service Law, § 113; Matter of New York Tel. Co. v. Public Serv. Comm. of State of N. Y., 29 N Y 2d 164, 171). Petitioners' contention that the Commission acted arbitrarily and capriciously in reaching its conclusion is therefore found to be without merit. The procedure here

employed was adequate. Further, since a temporary rate increase can be based on the same quantum of evidence as has been submitted in the permanent rate proceeding, though less fully considered (*Matter of Consolidated Edison Co. of N. Y.* v. *Maltbie,* 300 N. Y. 196, app. dsmd. 339 U. S. 973), it was not arbitrary for the Commission not to require Consolidated Edison to delimit its evidentiary offering. This did not deprive petitioners of any opportunity to adequately prepare cross-examination and rebuttal evidence. Although there might not have been sufficient time for a complete analysis and examination of all aspects of the proposed rate change by petitioners, the issue was one of a temporary increase. We therefore find no error in the determination that no further time was then necessary.

Turning to the evidence presented, we find that it is sufficient to support the grant of temporary relief. The need to bolster a weak financial situation so as to make a utility adequately attractive to investors and thereby make it able to raise sufficient capital for construction is a proper test of public interest to justify a temporary rate increase under the statute (*Matter of Sixty Wall Tower* v. *Public Serv. Comm.,* 12 A D 2d 853, affd. 10 N Y 2d 861).

The Commission's determination implementing the rate increases by altering the rate structure is also supportable. In determining the issue of the rate structure it was quite proper for the Commission to consider the question in light of its conclusion as to rate increases. Having established that increased rates were proper, the determination that the increase was to be applied in a manner designed to require those who place increased demands on the system to pay proportionately higher rates as their usage increases was not error (see *Matter of Sixty Wall Tower* v. *Public Serv. Comm., supra*). Moreover, evidence relating increasing costs directly to increasing demand was present. Hence, there was a sufficient economic basis for the establishment of the rate structure.

It should also be noted that petitioners' contention that there was lack of notice that a change in rate structure was contemplated is totally without foundation. All other contentions have been considered and likewise are found to be without merit.

The determination should be confirmed and petition dismissed, without costs.

HERLIHY, P. J., REYNOLDS, COOKE and SWEENEY, JJ., concur.

Determination confirmed and petition dismissed, without costs.